1
2
3
4
5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOHN HANCHOR,<br><br>                    Petitioner,<br><br>      v.<br><br>A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>                    Respondent. | Case No. C10-492-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

I.  INRODUCTION AND SUMMARY CONCLUSION

John Hanchor ("petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 1.)  He requests that the Court "Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit."  *Id*. at 2.  Respondent argues, *inter alia*, that petitioner was afforded a bond hearing in Immigration Court, and that the Immigration Court's bond determination is not subject to judicial review.  (Dkt. 11.)

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Republic of the Marshall Islands who entered the United States on February 1, 2002, as a nonimmigrant. (Administrative Record ("AR") R10-11, L7-12.) On March 10, 2006, he was convicted in the Circuit Court of Oregon for the offense of Assault in the Fourth Degree Constituting Domestic Violence in violation of ORS 163.160. (AR R44, R54.) On October 4, 2006, he was convicted in the Circuit Court of Oregon for the offense of Felony Domestic Assault in the Fourth Degree and Misdemeanor Domestic Assault in the Fourth Degree. (AR R44, R68.)

On January 26, 2010, ICE arrested petitioner at his residence in Salem, Oregon, and served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under Section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA") for having been convicted of a crime of domestic violence. (AR L3-4, L29.) ICE made an initial custody determination and issued a decision to detain petitioner pending a final determination by the Immigration Judge. (AR L3.) On March 1, 2010, petitioner received a bond redetermination hearing before an Immigration Judge who denied petitioner's request for a change in custody status and ordered that bond remain at "No Bond." (AR L64.) Petitioner reserved appeal, but never filed an appeal of the Immigration Judge's bond decision. Instead, on March 22, 2010, petitioner filed the instant habeas petition, challenging his detention. (Dkt. 1.) On May 5, 2010, the government filed a Return and Motion to Dismiss. (Dkt. 11.) Petitioner did not file a response. Petitioner remains in removal proceedings before the Immigration Court.

REPORT AND RECOMMENDATION - 2

## III.  DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings.  That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See* INA § 236(a), 8 U.S.C. § 1226(a).  Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on –
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>         (B) conditional parole . . .

8 U.S.C. § 1226(a).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the Immigration Judge that he or she warrants release on bond.  *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).  In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."  *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  The factors commonly considered in making a bond decision include:  "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the

REPORT AND RECOMMENDATION - 3

recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States." *Matter of Guerra*, 24 I&N Dec. at 40.

In the instant case, the administrative record shows that petitioner requested and received a bond redetermination hearing on March 1, 2010, before an Immigration Judge who determined that petitioner should remain detained without bond. Petitioner did not appeal the Immigration Judge's bond decision to the BIA, nor did he request a subsequent bond redetermination hearing by an Immigration Judge.

Petitioner argues that he "has equities in the United States and those equities far outweigh any adversities. If the [petitioner] is released he will appear for all hearings and will appear if he is to be removed from the country." (Dkt. 6 at 3.) He requests that the Court "Order the Petitioner to be released on supervised release . . . or Order[] the Agency to hold a bond decision where individual factors are considered . . . ." *Id.* at 2. Respondent argues that this action should be dismissed for lack of subject matter jurisdiction because the Immigration Judge's discretionary bond determination is not subject to judicial review. (Dkt. 11 at 3.) The Court agrees with respondent that it is without jurisdiction to review the Immigration Judge's discretionary bond determination under INA § 236(e), 8 U.S.C. § 1226(e).

Section 236(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). As the Ninth Circuit has stated, an "alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not

REPORT AND RECOMMENDATION - 4

subject to judicial review, see § 1226(e)." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008).  Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, petitioner's argument that his "equities far outweigh any adversities" is nothing more than a challenge to the Immigration Judge's discretionary judgment and does not license this Court to review the Immigration Judge's decision to deny bond.  *See Demore v. Kim*, 538 U.S. 510, 517, 123 S. Ct. 1708 (2003)(finding that Section 236(e) contains no explicit provision barring habeas review of constitutional and statutory claims); *see also Zadvydas v. Kim*, 533 U.S. 678, 688, 121 S. Ct. 2491 (2001)(holding that § 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to detention).  As the petitioner fails to articulate any constitutional or statutory claim, the Court agrees with respondent that this action should be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation

DATED this 25th day of June, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge